May it please the Court. My name is Mark Drasnan. I represent the appellants and cross-appellees on this matter. They are Archway Insurance Services, LLC, Union One Insurance Group, LLC, Nevada Investment Partners, LLC, also called NIP, and Trinity Capital Management Group, LLC. When I'm referring to all of them, I'll refer to them as the corporate parties to distinguish them from the other parties. The appeal in this matter deals with the district court's granting of fees based on Nevada's offer of judgment rule. The cross-appeal relates to the court's denial of fees imposed as a condition on a motion to voluntarily dismiss. With the court's permission, I'll address both of the arguments on appeal and cross-appeal during my time here, and I would ask to reserve five minutes of time for rebuttal. On the appeal of the offer of judgment, the sole issue on the appeal is, did the district court err in finding that the plaintiffs asserted a common theory of liability against the defendants? The standard of review on this appeal for a legal basis of a fee award is de novo. Under Nevada law, a joint unapportioned offer of judgment to multiple plaintiffs, a defendant must show that there's either a common theory of liability or derivative damages. The court, the district court in this case, found that there was a common theory of liability. The Nevada law was amended in 1998. Prior to 1998, a joint unapportioned offer of judgment could not give rise to liability under Rule 68 because it did not further the interest of settlement. The rule was changed in 1998, recognizing that in certain circumstances, an offer of judgment would further the interest of settlement, and in those circumstances, there would be the particular portions of the rule were added to allow an individual party to weigh the risks and benefits of either rejecting or accepting a joint unapportioned offer when they knew the additional, the actual amount which was apportioned to them. In their brief, the Harris's have conceded that the term single, in single common theory of liability, ensures that a plaintiff pursuing a common theory of liability are not also a party to another theory of liabilities that is not common to all of them. The district court, in its analysis of whether there was a single cause of action, sole analysis was, in this case, all damages asserted related to the defendant's alleged fraud and breaches of contract regarding the Harris's book of business. Therefore, the plaintiffs asserted a common theory of liability against defendants. However, this was not the proper analysis. The issue is not whether all of the damages relate to particular claims. Instead, the issue is whether the parties are unable to determine their share of a joint offer and make a meaningful choice between accepting the offer or continuing to litigate. Can I ask you this, though? If we just look at the complaint, isn't that the best source to try to figure out whether the plaintiffs jointly are pursuing one common pool of damages? I think the complaint is a good source. It's not the only source. I think that goes to the issue that the Harris's have raised, which is they essentially assert that the complaint has two causes of action, two counts. I'm sorry, two counts. It does. They don't just assert that. It does. In fact, it does have two counts. Right. And those counts are titled plaintiffs versus defendants. Right. But the pleading rules do not require that the theory of damages, that the theory of liability be pled. What's pled is the cause of action. And, in fact, the facts of the complaint are pled in the cause of action, and the theories of liability are developed through discovery and in the summary judgment process. And that's exactly what happened in this case. Okay. But so let me just ask you this. If we were just to limit our review to the complaint, would you concede that it's framed in such a way that it just simply asserts a single cause of action on behalf of all of the plaintiffs against all of the defendants? No, Your Honor, I would not, because I think the facts even in the complaint show that there are different damages and that different parties are seeking different damages. Well, okay. But I'm just looking at the particular counts, right? Yes. Count one, fraud. You admitted that it says all plaintiffs versus, you know, the Harris parties. Count two, breach of contract, same thing. I look at that, and then I look at the prayer for relief, and I don't see anything that suggests there are some, you know, one plaintiff is pursuing this theory of liability for this amount of damages and some other plaintiff is pursuing a different, right? So if I just look at that, it seems to me the district court is right, but you're saying that there's more we should look at, and what is that? I'm saying, Your Honor, both that there's more that you should look at, and I'm also saying that looking at the complaint itself, it does, it shows that. It shows that at the enhanced record 206 to 207, paragraphs 47 through 49, they specifically state that the Trinity specifically gave $110,000 to, for post-petition financing based on representations from James Harris. So that claim itself is then subsumed in the count of action. That claim is alone. There's no separate claim that Trinity has asserted for $110,000 in this complaint. That's my point. If you want to say that there's something more we should look at, then maybe you. Well, Your Honor, I think the district court acknowledged that there were four separate claims. On the motion for summary judgment, it in fact ruled that there were four separate claims. It set out which claims, what those claims were, and who the parties were involved in them. If you look at. Can you help me just with a date? So where, in terms of the progress of the litigation, where was the offer of judgment made? The offer of judgment was made, I believe it was March of 2012. I'm sorry, January of 2012. Okay, and where does that situate us in terms of the timeline? Because you're going to talk about what the summary judgment ruling, and I'm just wondering, was the offer of judgment made way earlier? The offer of judgment was made substantially earlier than the summary judgment rule. Okay, so what other than the complaint were the defendants supposed to use as a basis for deciding whether to make an unapportioned offer of judgment at the point in time when the offer was made? At the point in time when the offer was made, Your Honor, I believe that the complaint would have been the sole information that the plaintiff. If that's true, then why, you're about to tell us some stuff that happened later in summary judgment, why should we care about that? Shouldn't we be looking at whatever they had available to them at the time they made the offer of judgment? No, Your Honor, I don't believe so. Again, I think that the complaint does, I don't concede that the complaint itself is, but putting that aside, I don't think that that's the appropriate mechanism to look at. How were they supposed to, I mean, were they supposed to be clairvoyant and figure out at a very early stage in the litigation, when you're conceding all they had before them was the complaint, they're supposed to guess as to how the litigation is going to progress and how your clients are going to sort of part, you know, portion off the claim? I guess that seems a little odd. I think the reason here, Your Honor, is this prevents a snap, a very low snap offer of judgment on an unapportioned basis. When plaintiffs make a claim, and I think it's looking at the complaint, it's clear that not all plaintiffs were asserting the same claims. And it's clear that the damages, that there were three areas of damages, at least, in this claim, and that even though the count itself may have stated all plaintiffs, that the actual factual affirmance of the complaint did not set forth that all plaintiffs were basing the damages on all of the claims. And, in fact, the other information that was available is that one of the claims was based on a written offer, a written guarantee agreement. That guarantee agreement was signed only by two of the plaintiffs. In fact, one of the other plaintiffs would have been responsible under the claim. So, clearly, under that claim, it could not have been all plaintiffs were not and could not bring a claim under that guarantee agreement, which, again, the Trinity claim sets forth a specific amount for $100,000 claim. I know, but your clients are in control of how the counts are framed in the complaint. I hear what you're saying. I mean, you're right. There is a separate line item that mentions Trinity loaned this amount. But then when you go to the actual counts, which your ‑‑ I mean, I would be more sympathetic, I think, if we're looking at a pleading that they had drafted, but your clients drafted it. So ‑‑ I understand it's not the ‑‑ the pleading's not the model of clarity, but each of the previous counts are ‑‑ I'm sorry, each of the affirmance are incorporated into the counts. So I think those particular facts go into the counts, and the court should look at the actual facts that are pled rather than the title of the count. And looking at that, I believe that that shows that there are different counts, as the court found on summary judgment. What do you say the defense should have done, then, that they should have made separate offers of judgment per claim? How would they know which claims they were making an offer of judgment on? Could they have done that? I believe they could have done that, yes. And that's what you say they should have done. They should have done that. In fact, the claim for Trinity in the complaint was clearly $110,000. The claim on the Diane Curry loan was clearly $25,000. The two other claims, I would concede, for the loan guarantee and for the other fraud claim, I would concede that the plaintiffs may not be able to determine the exact amount that was due. However, they were certainly able to determine that they were not coextensive, that the claim for the loan guarantee did not have the same plaintiffs as the claim for the fraud claim. Thank you. You say the standard of review here is de novo versus clear error. Yes, sure. I believe the standard review, I think the cases that we cite, show that the standard review on legal determination is made in the application of the federal rule 68, which is analogous to the state rule. It's de novo. Does it matter that the offer of judgment statute has been repealed? Has there been some change in the offer of judgment statute? Not at the time that the ‑‑I'm not aware of it at the time that the ‑‑ No, no, since then. Does it matter? I don't believe it does, Your Honor. I don't. Were you going to address the cross appeal, I guess? I was, but I would just say on the cross appeal, Your Honor, that the claims of the Harris's on the cross appeal is that the claims were inseparable. In fact, Your Honor, what that actually means is that because the claims were inseparable, that they do not get their attorneys' fees for that, because what the court allowed them to do was dismiss and seek fees for amounts that could not be used in the litigation. In fact, if they were inseparable, then those amounts could be used in the continuing litigation in defense of the fraud claim and also in their counterclaims. They brought counterclaims, which actually asserted the veracity of the loan agreement. Therefore, any issues relating to the loan agreement would have been usable in their claim for the damages on their counterclaims. What's your response to, I don't have the full title of the case, but I just call it the cat case. You know the one I'm talking about, right? That seemed to me to be their best case for the notion that at least the district court had to make some attempt to separate them. Your Honor, I think the response is that, in fact, they were given every opportunity to make that account. The court told them to do it up front. They submitted an affidavit which did not comply with the local rules. The local rules stated that if it did not comply, then that was grounds to dismiss, which is what the court actually found. In the response, everything was pointed out to them that they did not comply and that they needed to comply. They filed a supplement in which they did not say that they could separate them. They said they could not separate them. I think they've waived that issue. Separately, Your Honor, I think the issue on a conditional motion to withdraw is that, in order to, that the plaintiff, or the withdrawer, is able to decide whether or not to accept the conditions. In this case, it's a little strange because the judge both granted the motion to dismiss and also in a summary judgment motion granted summary judgment on that particular account. In this case, I think the court did not err in making its determination, and in this case the plaintiff could refuse to make the payment, in which case the summary judgment motion would stand. So there's no basis to set it back to the court. If there's nothing else, then. Thank you. Thank you. Good morning, Your Honors. Mario Lovato on behalf of the Harris Party's James Harris and Greg Harris. I'd like to reserve, if it works and I don't know the protocol for you in particular, reserve three minutes for replying on the cross-appeal argument, if that is acceptable. Let's see how it goes. We can get everything out in this session. That's fine. We'll go ahead. Offer of judgment. Simply, there are two requirements. It's an either or, as the Nevada Supreme Court said in the Albios case, which is either a single common theory of liability or, for a simplified term, the same damages, or the damages derived from the same source. In fact, Judge Mahan, our district court judge, really made a finding on both of those, which was he found that there was a common theory of liability, and he also found that the damage is all related to the book of business. So he really made findings on both, and he did it in the same paragraph. How could he make that determination that the damage is all related to the book of business when you had this claim, at least with respect to the Curry loan? Well, the $25,000 amount for the Curry loan, I agree, is not directly related to the book of business. That said, as put in the reply brief, and I believe in the motion brief that I filed before the judge, that amounted to about 0.5% of the total damages, and there was a written document that said it was a sign-on bonus that was made by the Harris agency. But I agree. What are you arguing today? Was it a common theory of liability? It was a common theory of liability. There were simply two claims. Both of the claims say plaintiffs versus James Harris and Greg Harris. The offer of judgment specifically avoided making reference to Harris Consulting Services because it wasn't a defendant. So an unapportioned offer of judgment was made on behalf of the two Harris parties who were being sued. Well, let's talk about it because the complaint seems to set forth a lot of facts, it seems like. It alleged that some plaintiffs were injured by fraud based on the Harris' misrepresentation about the book of business, but it also appeared that Trinity was injured by the Harris' promise to keep working at THA. Is that right? It says something similar to that. Okay. And Union One was also injured by making a personal loan, correct? Not by making a loan, but by providing some sort of backing, allegedly, to the Harris agency LLC for a loan it obtained. Okay. All right. And then I guess you say all of that is one theory of liability? Well, yes, and it does go to how the claims are framed. In 1998 and 1999, both the Nevada legislature and the Nevada Supreme Court, in enacting a new Rule 68, a new NRS 17.115, decided to make it possible for multiple defendants to make an offer of judgment to multiple plaintiffs. And that can be done at any time more than 10 days before trial. Now, this was not a snap offer of judgment. It was made a year and a half after the case was filed, and it wasn't made in January of 2012. In fact, it was made in May of 2012, as shown in the record on page 216. So you had more time. There was more time. It was well before the summary judgment stage of the case. But one must look at the complaint, and it's the plaintiffs who drafted the complaint. And when one looks at the complaint, it very simply says in the two counts, plaintiffs versus the Harris'. And within those counts, it says that all the plaintiffs are asserting the same claims, the same damages. And this is likewise in the prayer for relief. Well, that's, I mean, I guess it depends on how you read the complaint. I mean, it seems like the district court's order for summary judgment seemed to demonstrate that the plaintiffs alleged different theories of liability. So, I mean, it was. Well, I think what's happening at that. It was set out. It seemed like he was able to. After another year or two years after the offer of judgment, we're at the summary judgment stage. The district court judge is required to, for lack of a better term, cover his bases under Rule 56 and make clear that there is no genuine issue of material fact and that the law requires a certain outcome if he is granting summary judgment. I think that's a different standard from the standard required under Rule 68 in NRS 17.115 for determining whether there's a common theory of liability. Now, the one case that gives us some guidance is the Albios case from the Nevada Supreme Court where there were two claims for relief being asserted, but it found that there was a common theory of liability and it labeled it construction defect, which is not a count or a claim for relief, but it is a theory of liability. Here, the district court judge found that there are two claims. You could have all your damages arise out of the construction defect and plead causes of action for breach of contract and negligence. Yes. So you have just essentially one theory of liability. The construction was defective. But here you have separate claims, though, don't you? There are two claims made by all the plaintiffs against these two defendants. When a defendant is looking to determine how to properly comply with the rule for whether to make an apportioned offer of judgment or an unapportioned offer of judgment, I think the opening stage is those defendants must look at the complaint. Where there are unapportioned claims being made in the two counts against both defendants jointly, and it specifically says that, every which way under those counts and in the prayer for relief, those defendants are really left with no choice but to make an unapportioned offer of judgment. And that's what was properly done here. If the plaintiffs were seeking to apportion their damages, which they really are required to do under Rule 8, under Rule 10, to not engage in collective allegations but to actually set forth specifically who is suing whom for what amount, they had all the opportunity over a year and a half after filing their original complaint to ask for an amended complaint, for leave to file an amended complaint. And during this whole time, a very detailed motion to dismiss was pending against their complaint, which ultimately was never even decided by the district court judge. But during that entire time, they had an opportunity to make their claims more specifically and clearer. And they didn't. How do you distinguish MC multifamily, the case of MC multifamily? Well, I'm not understanding. Well, because it seems like in that case, the Nevada Supreme Court held that the plaintiffs had not alleged a theory of liability. Right. I'm not familiar with the exact facts of that, of how it's necessarily different or the same with this case. It seems like it's hard to distinguish this case from that case because the Nevada court thought that the claims, I think, kind of similar situated were separable. But if you're not familiar with it, that's fine. A lack of explanation from the Nevada Supreme Court since 1999 on exactly what this means, except under albios, it doesn't mean simply one claim for relief. Well, but in albios, it seems like the rejection of the offer of judgment didn't preclude them from recovering attorney's fees because their trial verdict was more favorable than Horizons offer of judgment. That seems to be a little bit different than what happened here or what you're arguing. And I'm not sure how the favorability was different as compared to here, but I think that's a different analysis in determining the reasonableness under the offer of judgment standard for how much was offered versus how much was obtained at trial. Here, the reasonableness calculation is much easier because the plaintiffs obtained zero. And even if we start looking at the claims, remember the plaintiffs filed a motion to voluntarily dismiss one of their claims so that really there's only one claim left, which was their fraud claim. And the district court judge correctly found that there was no evidence of any fraud claim on multiple levels. And the district court judge really also – That's not the point in time when we should be assessing the existence of a common theory of liability, isn't it? At the point in time when the offer of judgment is made? I agree it's at the time the offer of judgment was made, except that the district court judge found that there was no evidence brought forward, which makes it no different from the earlier stage. There was no evidence in the first place. There was no evidence in the end. And the court also found that legally they had not even alleged a fraud claim because what they alleged was a claim about an opinion about the future value of a book of business, which is not a fraud claim that properly alleges a false statement of then existing fact. That is, supposing that the Harris's said something about the value of a book of business and what it would be in the future, that's not some claim of falsity at the time something is said about what the value is. If you say something about what the value is in 2007, that says nothing about something that allegedly turns out to be false for the year 2009. Let's talk about the second fee request. I think you're arguing that the district court abused its discretion. Is that correct? Abused its discretion and also improperly followed the law. And abuse of discretion I think deals with any factual findings related to the attorney fee award, although we never actually had any hearings before our district court judge. But I also agree that where legal findings are being made about what the law means, that goes under a de novo standard. I think the failure to apportion would be subject to the de novo standard because any litigant under the Hensley v. Ackerhart case of the United States Supreme Court or the traditional cat case of this circuit can claim that the claims for relief are related or that there's a common core of facts that would entitle the moving party to either all of the fees or to an initially unapportioned amount that the court might thereafter decide should be reduced out of some sort of apportionment standard. If the court does not agree that the claims are so related that they really relate to one damaged claim under the Rule 41 standard or any standard allowing for attorney fees, the next step under Hensley v. Ackerhart is that the court must apportion if it's been given the information on the fees. Let me see if I understand this. The claims that were voluntarily dismissed dealt with the guarantees and the authenticity or lack of authenticity of signatures on the guarantees. Is that correct? It dealt with a document that, for lack of a better term, the defendants were saying was forged. It did not have their actual signatures. Right. The district court judge further found that that's something that the plaintiff should have been aware about because there was prior litigation between the parties. So you're arguing we should hold that the district court abused its discretion when the Harris's failed to tailor their fee requests to the single claim that had been dismissed. It's twofold, and that is part of it, yes. First, were the claims related or from a common core? In fact, Judge Mahan, in his last order, found that all the damages related to the book of business. Now, I don't think he meant to include the $25,000 amount, which is a relatively trivial amount compared to the other ones. But likewise, even the appellants here, the archway parties, state that the amounts are essentially the same in their footnote 8 in their opening brief where they say one of the claims is for $1.3 million. They say that the other claim would include that, but they can't get duplicative damages, but that they also want an additional $1.3 million on top of that for that claim. Both of these amounts go toward a theory of liability that somehow the plaintiffs are guaranteed a $5.25 million value book of business. What's the difference in the amount of fees you were seeking between the offer of judgment motion and the court order motion? The $66,000 approximately and change, it's $66,755. There is some overlap between the two. But for the voluntary dismissal, it's from the onset of the case up to the date that an offer was made to dismiss by the plaintiffs. And for the offer of judgment, it comes starting about a year and a half after the case was filed, May of 2012, to the conclusion of the case. Now, ironically, the court also found that the fees were properly edited in the offer of judgment amount, that they properly stated all the requirements of the local rules, and the court even took out 7.5 hours in reviewing the amounts for the offer of judgment, which it could have also done for the other amount, which is what I've normally seen. What about the fact that the district judge made a finding that you had not complied with the local rule in your court order motion? Well, the local rule says that a motion for attorney fees, among other things, must be edited. It doesn't say much more than that in pertinent language as opposed to... Well, it says that an attorney confirmed that the request is reviewed, edited, and reasonable. Yes. And I filed an affidavit that the court found, for example, with the offer of judgment complied with all of the rules for detailing an affidavit and that was properly edited for the offer of judgment. Now, here it was edited for the entire time span of what the court was allowing fees for, from the beginning to that exact date when the offer was made by the plaintiffs to dismiss. Now, at that point, if the court disagrees that they're related and we were asserting that they were related and we were entitled to be able to assert that the claims were related, then the court must apportion. That also takes us back... Did you not include in that motion the time expended to research and file a counterclaim? There is some time in there, and if the court found that that should not be included, then that should be... Shouldn't that be your responsibility to edit the submission to delete those hours? Why should the onus fall on the judge? Well, it doesn't say that under the local rule, and this is litigation where very few of the time entries relate to a specific amount. And that goes back to Hensley, what the U.S. Supreme Court said, much of counsel's time will be dedicated to litigation as a whole. I want to follow up on that. So is the district court required to attempt to apportion a fee even where the attorney gives the court no way to do so? I mean, it seems like the attorneys could have done more here. I would agree if the attorney gave the court no way to do so. I gave the court a way to do so by having completely unredacted amounts in the table going on for 10 pages for every time entry for every day, broken up by every task within each day. That makes it very easy for a court to go through and strike out certain amounts, which makes this process fairly simple and which is the process that I've seen in multiple cases. Just as in this case, in any case I file, if there's an opportunity to have an attorney fee claim for non-meritorious claims being made against my clients, I'm looking to do that properly under the law. And the court usually apportions and strikes out if it believes that certain amounts aren't proper. Where they can't be apportioned specifically by each claim, the United States Supreme Court in Hensley, our circuit in the traditional CAT case, says that there are other ways to do it, which can be done, for example, if the claims are roughly the same. As is acknowledged by the appellants in their opening brief in that footnote, it can be apportioned 50-50 if there are two claims or if one seems more substantial in some other way. But there are different ways to do it that would properly grant attorney fees instead of simply eliminating all attorney fees where the court has found a proper basis for them. Thank you. Thank you. I'll give you a couple minutes. I think on the first issue of the appeal, the issue is was there more than one claim, whether that's under the complaint or whether it's under the summary judgment record that the court found. I think looking at the summary judgment record that the court found, it's clear that there were four separate claims, as the court so found, and that those four claims were divided among four different plaintiffs, none of whom were common in any of the four counts. Am I confused about this? I didn't think it mattered whether there was more than one claim, but rather the right question was whether all of the plaintiffs in any one claim were pursuing a common theory of liability against the defendants. So if you have four plaintiffs and they've got two separate claims, but in each claim all four plaintiffs are pursuing a common theory of liability, pursuing a common amount of damages, doesn't that allow the? Absolutely. And that's the obvious case. That's the husband and wife bringing a claim for breach of warranty. They bring a contract claim and a tort claim. The court said it's the same claim. You guys are husband and wife. You're bringing joint claims, both of them. It doesn't matter how many. You could bring a dozen claims. For all the same, it doesn't. In this case, the reason that four claims matters, there's four separate claims, because none of those four claims had all of the plaintiffs had the same plaintiffs on it. One claim had four plaintiffs on it. One claim had two claims had one plaintiff on it, and one claim had two plaintiffs on it. So in each of those claims there are different amounts of plaintiffs seeking different damages under different theories of liability. And I think that's the difference between the obvious case and this case. But that's not how you plead it. It's what you have to do. You have to parse through it. You have to. If you read the allegations of the complaint, they show that, however, they are not set forth in the title of the count. On the endowment clause. And the endowment clause also does not.  It just seeks a general amount of money. But looking at the actual allegations of the complaint, each of those claims are set forth. Thank you. Thank you. Thank you both for your arguments. The case of Archway Insurance Services versus James Harris is now submitted. Thank you.
judges: Murguia, Watford, Vanaskie